**12-3355-cv**
*Muhammad v. Walmart Stores East, L.P.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

───────────────────────────────

**Abidan Muhammad,**

> *Plaintiff-Appellant,*

> v.                                                          12-3355

**Walmart Stores East, L.P.**[*]

> *Defendant-Appellee,*

───────────────────────────────

───────────────────

[*] The Clerk of the Court is directed to amend the caption to conform with the listing of the parties above.

**FOR PLAINTIFF -APPELLANT:**   Christina S. Agola, Christina A. Agola, PLLC, Rochester, NY.

**FOR DEFENDANT -APPELLEE**   Michael S. Hanan, Gordon & Rees LLP, Florham Park, NJ.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Abidan Muhammad filed this employment discrimination action in the United States District Court for the Western District of New York following his termination from Defendant-Appellee Walmart's employ. He now appeals the district court's grant of summary judgment. We assume the parties' familiarity with the facts and history of the case.

In his opposition to summary judgment, Muhammad asserted claims under Title VII and the Americans with Disabilities Act (ADA). However, he advanced no facts that could support his claim of discrimination on account of disability, race, or gender. Walmart's different treatment of a female employee failed to support gender discrimination, in part, because they were not similarly situated. Unlike Muhammad, the female employee had not acted abusively to a manager or to any other Walmart employee. His abusive outburst at his supervisor gave Walmart a legitimate reason to

fire him and Muhammad failed to produce any evidence that his termination was carried out for improper motives. Muhammad's ADA claims also fail. Walmart's accommodations were "plainly reasonable," and Muhammad did not engage in any protected activity to trigger a retaliation claim. *Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 385 (2d Cir. 1996).

Accordingly, we **AFFIRM** the judgment of the district court. Walmart's motion for attorney's fees and costs is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk